**Raymond ROCHON, Plaintiff-Appellant,**

v.

**Dr. Mark DAWSON, Defendant-Appellee.**

**No. 87–4367**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 6, 1987.

Raymond Rochon, pro se.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Raymond Rochon appeals pro se from an order issued by the clerk of the district court pursuant to Rule 14 of the Local Rules of the Western District of Louisiana dismissing his action against defendant Dr. Mark Dawson for failure to prosecute. Rochon was at all times during the pendency of this action incarcerated in the Louisiana State Penitentiary at Angola, Louisiana. Because of his incarceration, Rochon was dependent upon the United States Marshal's Service for service of process in this cause. Rochon asserts on appeal that his suit was improperly dismissed due to the fact that the Marshal's Service had failed to effectively serve Dr. Dawson with process. We reject Rochon's contentions and affirm the district court's dismissal.

## I. FACTS AND PROCEDURAL HISTORY

Rochon was convicted of aggravated rape on December 7, 1979, and is currently serving a sentence of imprisonment at Angola State Penitentiary in Louisiana for that crime. Rochon filed suit against Dr. Mark Dawson on May 15, 1985, pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, seeking to obtain documentary evidence to attack his rape conviction and to sue the prosecutor and the physician who treated the victim for conspiring against him. While styled as a civil rights suit, the district court recognized that Rochon's suit was in fact "an independent action against a person not a party for production of documents and things...." Fed.R.Civ.P. 34(c).

The district court granted leave to proceed in forma pauperis to Rochon, whereupon the U.S. Marshal's Service mailed a summons and complaint to Dr. Dawson at the location provided by Rochon—American Legion Hospital. The summons was marked "mailed" on June 11, 1985, but the Marshal's Service noted that as of August 28, 1985, no acknowledgement of receipt of process was received.

On October 23, 1985, Rochon amended and supplemented his original complaint, adding American Legion Hospital as a defendant. American Legion was the hospital where Dr. Dawson apparently was employed. Pursuant to Rule 14 of the Local Rules of the Western District of Louisiana, Rochon's suit was ordered dismissed without prejudice on August 7, 1986. Rochon promptly filed an objection and notice of appeal to the dismissal order which was construed by the district court as a motion to reinstate his cause. The district court reinstated Rochon's suit noting that "for reasons unknown, defendant has never been properly served with plaintiff's amended pleading" and ordering that service of Rochon's amended complaint be perfected upon the proper defendant by the clerk of the court. The clerk of the court then issued a summons and amended complaint, which were effectively served upon American Legion Hospital, but not Dr.

Dawson. In a subsequent order granting American Legion Hospital's motion for a more definite statement, the district court recited that "the record shows that Dr. Mark Dawson was never served with the complaint and that the American Legion Hospital was served on October 20, 1986." Despite this recitation, plaintiff took no further steps to properly serve Dr. Dawson.

Eventually, the district court granted summary judgment for American Legion Hospital. Rochon does not appeal that ruling. However, on April 3, 1987, the clerk again dismissed the suit against Dr. Dawson pursuant to Local Rule 14 for failure to prosecute. Rochon filed a motion to reinstate which was denied by the district court. Thereafter, Rochon filed a notice of appeal.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(c)(2)(B)(i) provides that a party proceeding in forma pauperis is entitled to service by the U.S. Marshal.[1] In this case, since Rochon was proceeding in forma pauperis, he was dependent upon the Marshal's Service to effectively serve Dr. Dawson. Rule 4(c)(2)(C)(ii) permits service by mail, but dictates that personal service be utilized if no acknowledgement of service by mail is received within twenty days after the date of mailing. The initial issue presented before this Court is the extent to which a plaintiff proceeding in forma pauperis may rely upon the U.S. Marshal's Service to effect proper service of process on a defendant.

Thus far, only the Second Circuit has addressed the above issue. *Romandette v.*

*Weetabix,* 807 F.2d 309 (2d Cir.1986). In *Romandette,* the defendant, while receiving actual notice of the plaintiff's suit, asserted the affirmative defense of improper service in accordance with state law. The district court rejected the defendant's affirmative defense of improper service reasoning that it would not be in the interest of justice to penalize the plaintiff for his reliance on the actions of the U.S. Marshal's Service, especially in light of the fact that the defendant was not prejudiced. After the case was reassigned to another district court, the defendant moved to dismiss on the grounds that personal service had never been effected. The district court, to which the case had now been reassigned, granted the defendant's motion.

The Second Circuit held that the dismissal was an abuse of discretion, recognizing that the plaintiff had done everything he could to effect personal service through the Marshal's Service. The court held that:

> As an incarcerated pro se litigant proceeding in forma pauperis, [the plaintiff] was entitled to rely upon service by the U.S. Marshals. He indicated to the court his reliance on service by the Marshals and he timely requested that the Marshals effect personal service.
>
> ... Moreover, the interests of justice, informed by a liberal interpretation of Rule 4, are best served by allowing this litigant to rely upon the personal service, albeit untimely, ultimately effected by the Marshal Service.

*Id.* at 311.

In accord with the reasoning of the Second Circuit in *Romandette,* we hold

---

1. Federal Rule of Civil Procedure 4(c)(2)(B) provides:

 A summons and complaint shall, at the request of the party seeking service ·or such party's attorney, be served by a United States marshal or deputy United States marshal, or by a person specifically appointed by the court for that purpose, only—
 (i) on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915,
 ....
 Rule 4(c)(2)(C) further states:
 A summons and complaint may be served upon a defendant of any class ...

 ....
 (ii) by mailing a copy of the summons and of the complaint to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3) [personal service].

that a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant. Thus, the inquiry in the instant case now becomes whether the failure of the Marshal's Service to properly serve Dr. Dawson was due to any dilatoriness or fault on the part of Rochon.

 Rochon initially listed American Legion Hospital as the address where Dr. Dawson could be served. Rochon also indicated that Dr. Dawson may have been the coroner in Acadia Parish, Louisiana. The Marshal's Service sent process by mail to Dr. Dawson at American Legion Hospital, but no acknowledgment was received. When the district court reinstated Rochon's cause of action after it had been dismissed for failure to prosecute for the first time, the court directed that service be perfected upon the proper defendant by the clerk of the court. A copy of the order was sent to Rochon on October 7, 1986. In attempted compliance with that order, the clerk directed service to American Legion Hospital by mail. Thereafter, Rochon directed his correspondence in the cause toward American Legion Hospital and not Dr. Dawson.

In a subsequent order by the district court granting a motion by American Legion Hospital for a more definite statement, the court noted that "the record shows that Dr. Mark Dawson was never served with the complaint and that the American Legion Hospital was served on October 20, 1986." A copy of the above order was filed on January 9, 1987, and sent to Rochon on January 12, 1987, approximately twenty months after the original complaint was filed against Dr. Dawson by Rochon. Despite this notation in the district court's order, Rochon did not request that the Marshal's Service properly serve, either by mail or personal service, the appropriate defendant, Dr. Dawson. Thereafter, a summary judgment was granted by the district court in favor of American Legion Hospital. Subsequent to that ruling, the clerk of the court dismissed

Rochon's claim against Dr. Dawson pursuant to Local Rule 14. The clerk's order of dismissal was filed April 3, 1987.

While Rochon and other incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.

In this case, Rochon was aware that Dr. Dawson had not been served as of August 21, 1986, as evidenced by Rochon's first motion to reinstate after dismissal of his suit, apparently for failure to timely effect service. Despite this knowledge, Rochon failed to request service on Dr. Dawson after the district court's admonition on January 9, 1987, that the proper defendant, Dr. Dawson, had not yet been served. As a result, when Rochon's claim was dismissed for failure to prosecute, he was not being penalized for the failure of the U.S. Marshals and the clerk of the court to effect service on Dr. Dawson, but instead because of inaction and dilatoriness on his part. Therefore, we are constrained to conclude that the clerk of the court properly dismissed Rochon's claim.

Because we find that Rochon's claim was properly dismissed at the district court level, we do not find that the facts and circumstances of this case warrant the appointment of counsel. Accordingly, plaintiff's motion for counsel at the appellate level is DENIED. The dismissal of Rochon's claim is

AFFIRMED.