875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Edward SHUMAKER, Plaintiff-Appellant,
v.
Trudy DENSLOW; Paul Denslow; John Davis; 54A District
Court, Defendants-Appellees.
 No. 88-2055.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1989.
 
 1
 Before MILBURN, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and WILLIAM O. BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 David Edward Schumaker appeals the dismissal of his civil complaint in which he alleged that defendants wrongfully evicted him from his home. Defendants are Shumaker's two former landlords, their attorney, and the "54A District Court." The district court dismissed the action for failure to prosecute. Upon consideration, we conclude that the dismissal was proper.
 
 
 4
 A dismissal for failure to prosecute under Fed.R.Civ.P. 41(b) will be reviewed only for abuse of discretion. See Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir.1986). Under the circumstances of this case, we find no abuse of discretion.
 
 
 5
 First, a review of the record reveals that no return of service has been filed as required by Fed.R.Civ.P. 4(g). Indeed, it appears that no service has been affected. It appears that the failure to comport with these requirements is at least partially attributable to plaintiff. See Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987).
 
 
 6
 Second, plaintiff's response to the district court's order to show cause why the action should not be dismissed was inadequate. Although plaintiff contends that he was physically unable to appear as ordered by the court, plaintiff made no mention of any disability in his motion for default judgment filed two days before he was to appear. For the first time on appeal, plaintiff contends that he telephoned to inform the court of his inability to appear. However, no indication of this telephone call appears anywhere of record. Under these circumstances, it appears that plaintiff's response to the show cause order was inadequate.
 
 
 7
 Finally, we note that no viable jurisdictional basis for plaintiff's complaint exists. Plaintiff alleged no "state action" actionable under 42 U.S.C. Sec. 1983. See Fallis v. Dunbar, 532 F.2d 1061 (6th Cir.1976) (per curiam), aff'g, 386 F.Supp. 1117 (N.D.Ohio 1974). Although "54A District Court" is a named defendant, plaintiff alleged no conspiratorial action on its part. Also, plaintiff alleged no invidious class-based animus which would render a conspiracy among private actors actionable under 42 U.S.C. Sec. 1985. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Clearly, no diversity of citizenship between parties exists which would give the district court jurisdiction pursuant to 28 U.S.C. Sec. 1332.
 
 
 8
 Under all of these circumstances, we cannot say that the district court abused its discretion in dismissing the action. Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation