887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis LAWRENCE, Plaintiff-Appellant,
v.
CITY OF ALCOA; City of Knoxville, Defendants,
Robert Langston, Defendant-Appellee.
 No. 89-5153.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee plaintiff requests the appointment of counsel in his appeal from the district court's sua sponte dismissal of his civil rights complaint under Fed.R.Civ.P. 4(j). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed under 42 U.S.C. Sec. 1983 (1982), Curtis Lawrence alleged that defendant Robert Langston, a Knoxville, Tennessee, police officer, pistol whipped him. Lawrence named the cities of Knoxville and Alcoa, Tennessee, as additional defendants.
 
 
 3
 Claims against the city of Alcoa were dismissed in an order granting its motion for summary judgment. The City of Knoxville was voluntarily dismissed on Lawrence's motion. Because Langston, the only remaining defendant, was not personally served within one hundred twenty days of the date of filing the complaint, the entire action was finally dismissed under Rule 4(j). Lawrence's Fed.R.Civ.P. 59(e) motion for reconsideration was denied.
 
 
 4
 Upon review, we conclude that dismissal was improper because Lawrence was not given prior notice of the district court's intent to dismiss. Federal rules of procedure clearly authorize the court to dismiss an action "on its own initiative" when the defendant has not been served within one hundred twenty days of filing the complaint. Fed.R.Civ.P. 4(j). Even so, sua sponte dismissals are not favored. See Tingler v. Marshall, 716 F.2d 1109, 1110 (6th Cir.1983). Tingler requires, at the very least, prior notice to the plaintiff and an opportunity to respond or to cure the defect. 716 F.2d at 1111-12.
 
 
 5
 Moreover, the district court abused its discretion by ordering the dismissal because it does not appear from the record that the failure to serve Langston is attributable to Lawrence. See Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir.1987).
 
 
 6
 Accordingly, the order of dismissal is hereby vacated and the case remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit. The request for counsel is denied.