972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willie SIMMONS, Appellant,
v.
Barbara BUESCHER; Dr. Michael Rosenbloom; Dr. Arturo Taca;
Dr. Cayabyab, all acting in their individual
capacities, Appellees.
 No. 92-1341EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 4, 1992.
Filed: July 7, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie Simmons, a Missouri prisoner, appeals from the district court's order dismissing without prejudice his 42 U.S.C. § 1983 complaint. We affirm in part and reverse and remand in part.
 
 
 2
 Simmons filed this section 1983 action against defendants Barbara Buescher, a nurse at the Missouri Eastern Correctional Center (MECC); Michael Rosenbloom, a doctor at the St. Louis City Jail; Arturo Taca, a doctor formerly employed at MECC; and Pedro Cayabyab, a doctor at MECC. He alleged that defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. The State of Missouri waived service of process on Buescher and Cayabyab. The United States Marshal's Office attempted to serve Taca and Rosenbloom by mail at the addresses Simmons provided, but process was returned undelivered.
 
 
 3
 Simmons moved for appointment of counsel on October 13, 1989, and again on December 19, 1990. The district court denied both motions without prejudice. On February 27, 1991, the district court ordered Simmons to show cause why his claims against Rosenbloom and Taca should not be dismissed, pursuant to Federal Rule of Civil Procedure 4(j), for failure to effect timely service. On March 4, 1991, the court held a hearing, extended the show-cause deadline to March 18, and granted Simmons leave to file an amended complaint.
 
 
 4
 In his amended complaint, Simmons alleged that on March 3, 1986, St. Louis police officers arrested him. He informed the officers that he had a number of serious medical conditions for which he was taking various medications. The officers allowed him to take one dose of the medications. Simmons was then transferred to the St. Louis City Workhouse, where he claims Rosenbloom treated him improperly for over two months. Simmons was later confined at MECC, where Dr. Taca allegedly ignored his ailments and told Simmons that nothing was wrong with him. Drs. Benitez and Cayabyab later replaced Taca. Benitez examined Simmons, realized that his medical condition was acute, and prescribed medication for him. Simmons alleged that nurse Buescher was in charge of distributing medication at MECC; she had his medication refilled without consulting his doctor; she withheld medication from him on occasion; and she continually refused to allow him to see his doctor despite his repeated complaints of pain and elevated blood pressure. Simmons sought compensatory and punitive damages as well as injunctive relief.
 
 
 5
 Simmons also provided new addresses for Rosenbloom and Taca. The Marshal served, by certified mail, a Dr. Michael Rosenbloom, who responded by filing a verified motion to dismiss in which he alleged that he was not the Dr. Rosenbloom referred to in Simmons' amended complaint. Rosenbloom stated that he has never been employed by either the city of St. Louis or the State of Missouri. The Marshal was unable to serve Dr. Taca by certified mail. On May 24, 1991, Simmons again moved for appointment of counsel.
 
 
 6
 On June 18, 1991, the district court dismissed the complaint against Dr. Taca and the unserved Dr. Rosenbloom without prejudice for failure to effect timely service. The court quashed service on the other Rosenbloom because he was not the intended defendant. The court dismissed, without prejudice, the amended complaint against Cayabyab and Buescher for failure to state a claim, and determined that this ruling rendered Simmons' motion for appointment of counsel moot. This appeal followed.
 
 
 7
 Simmons first contends that the district court erred by dismissing his complaint against Rosenbloom and Taca for failure to obtain timely service because it was the Marshal's duty to serve the defendants and he should not be penalized for the Marshal's failure to do so. The district court did not abuse its discretion by dismissing the complaint against the unserved defendants pursuant to Rule 4(j). See Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam). While in forma pauperis plaintiffs should not be penalized for the Marshal's failure to obtain proper service, see, e.g., Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991); Puett v. Blandford, 912 F.2d 270, 273-76 (9th Cir. 1990); Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987), courts have refused to excuse improper service when the impropriety is attributable to the plaintiff's lack of diligence. See, e.g., Puett, 912 F.2d at 274-76. Here, Simmons gave an incorrect address for Rosenbloom and did not move for an order directing the Marshal's office to serve Taca personally after learning that he did not respond to service by certified mail. See Rochon, 828 F.2d at 1110.
 
 
 8
 Simmons next argues that the district court erred by denying his motions for appointment of counsel. "The decision to appoint counsel in civil cases is committed to the discretion of the district court." In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The district court did not abuse its discretion by denying Simmons' first motion without prejudice because his claim was not legally or factually complex and Simmons appeared to have personal knowledge of the facts or could easily discover them. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). Likewise, the district court correctly determined that the 1991 motion became moot upon dismissal of the complaint.
 
 
 9
 Finally, Simmons maintains that the district court erroneously dismissed his complaint against Buescher and Cayabyab. On appeal from a dismissal for failure to state a claim, we review the complaint de novo, accept as true all well-pleaded allegations, and construe the complaint in the light most favorable to the plaintiff. Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991). Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Denying or delaying access to medical care or intentionally interfering with prescribed treatment constitutes deliberate indifference. Id. at 104-05. The district court correctly disposed of the complaint against Cayabyab because Simmons failed to allege any facts to support a claim against him. Contrary to the district court's conclusion, however, we find the allegations against Buescher sufficient to state a claim under Estelle. According to the complaint, she refused to allow Simmons to see a doctor despite his complaints of pain; she refilled his prescriptions without consulting a doctor; and she frequently withheld his medication.
 
 
 10
 Accordingly, we affirm the district court's dismissal, without prejudice, of the complaint against Rosenbloom, Taca, and Cayabyab.
 
 
 11
 We reverse the dismissal of the complaint as to Buescher and remand for further proceedings on that claim.