[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2006
THOMAS  K. KAHN
CLERK

_____

No. 05-10399
Non-Argument Calendar

_____

D. C. Docket No. 03-00054-CV-4

ZACKARY K. SALAS,

Plaintiff-Appellant,

versus

RANDY K. TILLMAN,
FELIX GALINDEZ,
PATRICK WILLIAMS, Lieutenant,
et al.,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 17, 2006)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Zackary K. Salas, a Georgia prisoner, appeals pro se the district court's dismissal of his claims against certain defendants and grant of summary judgment in favor of the remaining defendants in this pro se civil rights action, brought pursuant to 42 U.S.C. § 1983. Specifically, Salas appeals the district court's sua sponte dismissal of his claims against defendants: (1) Recreational Supervisor Barbara Prince, Correctional Officer ("CO") Thomas, CO Bordeaux, CO U.N. Jones, CO Lakiesha Hill, CO Tiffany Wayman, Sergeant ("Sgt.") Davis, Sgt. of CERT Officers, Lieutenant ("Lt.") Allen, Sgt. Richard Jones, and Nurse Practitioner Helen Tyler, as well as his claim that Warden Randy K. Tillman failed to provide him living arrangements that accommodated his restricted mobility, for failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a); and (2) Prince, Chauncey Santos, M.D., Eric Fogam, M.D., CO Woodard, and Deputy Warden Alexis E.L. Chase, as well as his claims that Warden Tillman failed to respond to his complaints concerning his medical treatment and failed to properly train and supervise his staff, for failure to state a claim. Salas also argues on appeal that (3) the district court abused its discretion by denying his motions for extension of time to conduct discovery. Finally, Salas appeals the district court's grant of summary judgment in favor of defendants on his claims against (4) CO Felix Galindez and Lt. Patrick Williams due to lack of service of process;

2

and (5) Mental Health Counselor Ricki Edwards, as well as his claim that Warden Tillman personally ordered Lt. Williams to confiscate his crutches for failure to exhaust his administrative remedies. Additionally, Appellees have filed a motion for damages and costs.

**(1) <u>Sua sponte dismissal for failure to exhaust</u>**

On appeal, Salas first argues that the district court improperly dismissed his § 1983 claims for failure to exhaust and should have continued the case to allow exhaustion. Salas also maintains that the dismissal was improper because the defendants had not been served and thus had not raised the exhaustion issue, and he had a right to amend his complaint to allege only the claims for which he had exhausted his administrative remedies. Salas states that he was prevented from filing grievances because defendant Edwards refused his requests for grievance forms. Salas asserts that he did file a grievance against defendant Tyler before he was transferred to another prison, but did not appeal its denial as untimely because he did not know that he could file a grievance concerning matters that occurred in another prison. Further, Salas claims that the prison counselor handling his grievance against defendant Tyler "clearly implicated [sic]" that he could not appeal the denial of the grievance and that he had exhausted his remedies. Salas maintains that, despite his belief that he could not do so, he filed a grievance

3

concerning the events at Coastal State Prison and appealed its denial. Salas asserts that he could not have filed a grievance while he was at Coastal State Prison because he could not comply with the requirement to provide "specific names, dates, and times."

The district court's interpretation and application of § 1997e(a)'s exhaustion requirements to a prisoner's claims are reviewed de novo. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir.), petition for cert. filed, (U.S. Sept. 8, 2005) (No. 05-6336). "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In deciding whether a prisoner has exhausted his administrative remedies, we do not review the effectiveness of those remedies, but rather whether remedies were available and exhausted. Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). In order to satisfy § 1997e(a)'s exhaustion requirements, a Georgia prisoner "must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures." Johnson, 418 F.3d at 1159. Additionally, while a prisoner who is filing administrative grievances must provide as much relevant information about his claims, including the identity of those directly involved in the alleged

4

deprivations, as the prisoner reasonably can provide, § 1997e(a) does not require him to provide information he cannot reasonably obtain. Brown v. Sikes, 212 F.3d 1205, 1210 (11th Cir. 2000).

The district court did not abuse its discretion when it dismissed these claims. Salas did not dispute that he failed to timely pursue his available administrative remedies as to his claims against defendants Prince, Thomas, Bordeaux, CO Jones, Hill, Wayman, Davis, Sgt. of CERT Officers, Allen, Sgt. Jones and Tyler, as well as his claim that Warden Tillman failed to provide him living arrangements that accommodated his restricted mobility. A continuance would not have allowed Salas to exhaust his administrative remedies as to these claims because any grievance he filed would have been untimely. The district court had the authority to sua sponte dismiss his claims for failure to exhaust before service of process. There was no need for Salas to amend his complaint to allege only his exhausted claims because he already had raised those claims in his original complaint. Salas did not deny that he was able to file some grievances, and he did not specifically identify any claims for which he was unable to file a grievance due to defendant Edwards's inaction. Salas could not have exhausted his administrative remedies as to his claim against defendant Tyler by appealing the denial of his untimely grievance. Finally, § 1997e(a) did not require that Salas provide information he

5

could not reasonably obtain.  Therefore, the district court properly dismissed these claims for Salas's failure to exhaust his administrative remedies.

**(2)	Sua sponte dismissal for failure to state a claim**

A district court's sua sponte dismissal, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim is reviewed de novo, using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals.  Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).  Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  "Pleadings must be something more than an ingenious academic exercise in the conceivable."  Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted).  In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6).  Id. at 1036 n.16.

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  "Medical treatment violates the Eighth Amendment only

6

when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)(citations omitted).  To show an objectively serious deprivation of medical care, an inmate must demonstrate (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) that the response made by public officials to that need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).  In addition, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of "deliberate indifference," by demonstrating (1) awareness of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (2) the drawing of this inference.  Id.

Where an inmate receives adequate medical care, but desires different modes of treatment, the care provided does not amount to deliberate indifference.  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).  Furthermore, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and

therefore not an appropriate basis for liability under the Eighth Amendment."
Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995).

There is "no respondeat superior liability for a § 1983 claim." Marsh, 268 F.3d at 1035. Although § 1983 requires a connection between the official's acts or omissions and the plaintiff's injury, an official also may be liable where a policy or custom that he established or utilized resulted in deliberate indifference to an inmate's constitutional rights. Id. at 1059.

The district court correctly concluded that Salas had not stated a claim against defendants Prince, Santos, and Fogam because, at best, his allegations against these defendants averred negligence, and the fact that he may have desired different modes of treatment did not amount to deliberate indifference. Salas failed to state a claim against defendant Woodard because Salas did not allege that this defendant acted intentionally or was aware that a substantial risk of serious harm existed. Because the medical treatment Salas received did not amount to deliberate indifference to his medical needs, defendants Chase and Tillman could not be held liable for failing to respond to Salas's complaints. Finally, Salas's conclusory allegation that Warden Tillman failed to properly train and supervise his staff to protect Salas from their unconstitutional actions was insufficient to set forth a claim under § 1983. Therefore, the district court correctly found that Salas had

failed to state a claim against these defendants.

**(3)     Denial of additional discovery**

Salas argues that the district court erred in denying his motions for extensions of time to conduct discovery.  Salas conclusively asserts that "he was denied reasonable discovery documents that would have validated his claims."

The district court's denial of additional discovery in this context is reviewed for abuse of discretion, "and a party must be able to show substantial harm to its case from the denial of its requests for additional discovery."  Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1219 (11th Cir. 2000).  Summary judgment is generally inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.  Id.  It is not, however, per se improper to grant summary judgment without providing the opponent an opportunity to conduct discovery.  Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 844 (11th Cir. 1989).  "District courts are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential."  Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998) (citation omitted).

Rule 56(f) of the Federal Rules of Civil Procedure specifically addresses this issue, stating that the party opposing summary judgment may move the court to permit discovery necessary to oppose the motion.  Fed.R.Civ.P. 56(f).  Because

whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party, a Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact.  Harbert Int'l, Inc., 157 F.3d at 1280.

Because Salas did not show that he sought discovery of facts that would create a genuine issue of material fact, the district court did not abuse its discretion in denying his motions for additional discovery.

**Summary judgment standard**

We review de novo the district court's grant of summary judgment, applying the same standard as the district court and viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party.  Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001).  A grant of summary judgment may be upheld on any basis supported by the record.  Id. at 1277.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is

10

entitled to judgment as a matter of law. Fed.R.Civ.P. 56; <u>Bailey v. Allgas, Inc.</u>, 284 F.3d 1237, 1242-43 (11th Cir. 2002); <u>Eberhardt v. Waters</u>, 901 F.2d 1578, 1580 (11th Cir. 1990). A party moving for summary judgment has the burden of showing that there is no genuine issue of fact. <u>Eberhardt</u>, 901 F.2d at 1580. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56; <u>Bailey</u>, 284 F.3d at 1243. A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. <u>Eberhardt</u>, 901 F.2d at 1580.

**(4)** **<u>Grant of summary judgment due to lack of service of process</u>**

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). "<u>In</u> <u>forma</u> <u>pauperis</u> litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part." <u>Fowler v. Jones</u>, 899 F.2d 1088,

11

1095 (11 th Cir. 1990).

In Fowler, we held that an in forma pauperis prisoner was entitled to a continuance of the trial in his pro se civil rights action so that service could be completed because the prisoner had a "reasonable belief that the defendants had been served." Id. at 1096. In so holding, we distinguished Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987), in which the Fifth Circuit affirmed the district court's dismissal of an indigent prisoner's civil action for failure to prosecute because, although the prisoner was entitled to rely on the United States Marshals to effect service, the prisoner had provided an incorrect address for the defendant and never requested that the defendant be served. Fowler, 899 F.2d at 1095. "'[A] plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.'" Id. (citing Rochon, 828 F.2d at 1110).

The district court did not err in granting summary judgment in favor of defendants Galindez and Williams due to lack of service of process because Salas made no attempt to remedy the service problem, even though he was aware of it.

**(5)** **Grant of summary judgment for failure to exhaust**

Finally, Salas reasserts the merits of his claim that Warden Tillman

12

personally ordered Lt. Williams to confiscate his crutches. Additionally, he argues that the district court improperly resolved factual disputes and made credibility determinations concerning his claims against defendants Edwards and Tillman.

The district court did not address the merits of these claims, resolve factual disputes, or make credibility determinations, but properly granted summary judgment to defendants Edwards and Tillman for Salas's failure to exhaust his administrative remedies.

Upon review of the record and the parties' brief, and for the foregoing reasons, we affirm the district court's <u>sua</u> <u>sponte</u> dismissal and grant of summary judgment to the defendants.

**AFFIRMED.**[1]

---

[1] "Appellee's Motion for Damages and Cost," however, is denied because Salas is proceeding pro se. <u>Woods v. IRS</u>, 3 F.3d 403, 404 (11th Cir. 1993).