**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1130
_____

RICHARD TAGLIAMONTE,
                                        Appellant

v.

WALLEY WANG, United States Postal Inspector, individually  personally and in his
official capacity; SCOTT MATHEWS, United States Postal Inspector individually
personally and in his official capacity; CHRISTOPHER J. CHRISTIE, United States
Attorney individually  personally and in his official capacity; RALPH J. MARRA, JR.,
Deputy Assistant United States Attorney individually  personally and in his official
capacity; ERIC H. JASO, Assistant United States Attorney individually  personally and
in his official capacity; UNITE STATES ATTORNEY'S OFFICE, DISTRICT OF NEW
JERSEY; JEFF WELZ, Weehawken NJ Public Safety Director individually  personally
and in his official capacity; JOHN AND JANE DOE 1-10, Employees, Officers,
Detectives, Agents, Weehawken, Hudson County, New Jersey; LORENZO PENA,
Superintendent One hundred Sixty-nine Twentieth street, Union City, Hudson County,
New Jersey individually  personally and in their official capacity; MARTHA
BETANCOURT, Superintendent One hundred Sixty-nine Twentieth street, Union City,
Hudson County, New Jersey individually  personally and in their official capacity; JOHN
AND JANE DOE 1-10;OTHERS NAMED UNKNOWN;OTHER KNOWN
EMPLOYEES AND UNKNOWN NAMED CONFIDENTIAL INFORMANTS OF ALL
LAW ENFORCEMENT AGENCIES AND OR ORGANIZATIONS NAMED
HEREIN;MAGISTRATE JUDGE MADELINE COX ARLEO, United States District
Court, District of New Jersey; OTHERS NAMED UNKNOWN;OTHER UNKNOWN
EMPLOYEES OF THE UNITED STATES OF AMERICA; UNITED STATES OF
AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:05-cv-04614)
District Judge:  Honorable Dennis M. Cavanaugh
_____

PER CURIAM

Richard Tagliamonte, a prisoner of the United States proceeding pro se and in forma pauperis, appeals District Court orders 1) dismissing his claims against a set of defendants and 2) dismissing the remainder of the lawsuit under N.J. L. Civ. R. 41.1, "Dismissal of Inactive Cases."  We will affirm.

In 2004, Tagliamonte was indicted in the United States District Court for the District of New Jersey on various financial fraud and counterfeiting offenses.  <u>See</u> D.N.J. Crim. No. 2:04-cr-00701.  During the pretrial phase, he attempted to suppress evidence obtained in a search of his apartment, arguing that it was impermissibly tainted by violations of the Fourth Amendment that preceded the eventual acquisition of a valid search warrant; ultimately unsuccessful, he was eventually convicted of all eight counts of the indictment.  We affirmed the conviction and sentence, observing that any Fourth Amendment violations that might have occurred were, for various reasons, harmless, and that suppression was properly denied.  <u>See</u> <u>United States v. Tagliamonte</u>, 340 F. App'x 73, 78–79 (3d Cir. 2009), <u>cert. denied</u>, 131 S. Ct. 329 (2010).

In 2005, Tagliamonte commenced this civil suit (based on <u>Bivens v. Six Unknown</u>

Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983) as a pretrial detainee, attacking the allegedly unconstitutional conduct that was then at issue in his criminal case. The suit was initially dismissed by the District Court as barred by Heck v. Humphrey, 512 U.S. 477 (1994), but we did not agree that Tagliamonte's success on his civil claims would necessarily undermine his criminal prosecution, see id. at 486–87, and remanded to the District Court for further proceedings. See Tagliamonte v. Wang, 340 F. App'x. 839, 841 (3d Cir. 2009). Tagliamonte thereafter filed an amended complaint,[1] adding new allegations and defendants (the "Weehawken defendants"). Around this time, Tagliamonte asked for service to be effectuated upon the named defendants, and an order was entered requesting the Marshals to serve process. See Order, ECF No. 20.

On July 1, 2010, the Weehawken defendants filed a motion to dismiss, arguing that "the actions alleged, even if true, did not violate any constitutional right." They also raised a statute of limitations defense.

Meanwhile, Tagliamonte wrote a letter to the Court complaining about service issues. He moved for default judgment. On September 1, 2010, AUSA Colette Buchanan appeared via letter "for the limited purpose of opposing the application for a default judgment." Apparently, copies of the summonses addressed to Wang and

---

[1] The District Court never explicitly granted leave to amend, but appears to have proceeded under the assumption that the complaint was indeed properly amended. See Tagliamonte v. Wang, No. 05-cv-4614, 2011 WL 601291, at *1 n.1 (D.N.J. Feb. 17, 2011)

3

Mathews were "received at the United States Postal Inspection Service," but Buchanan argued that this did not amount to proper service under Fed. R. Civ. P. 4.[2] "Because proper service . . . was not effected, no answer is due from these defendants, therefore they are not in default." AUSA Buchanan further explained that she had been authorized to "accept service on their behalf"; "[o]nly when a proper Summons and Complaint addressed to each defendant is received by the undersigned will the time for an answer begin to run." Buchanan also disputed that proper service had been effected on defendants Marra, Jaso, and Christie. See ECF Nos. 31, 42. In response, Tagliamonte acknowledged that he received Buchanan's objections, but—invoking the "inviolate" nature of the Federal Rules of Civil Procedure—accused the United States Government of being in default, and characterized the United States Marshals as being "negligent" and "inept." ECF Nos. 38, 39. He did not request that the Marshals reattempt service on Wang and Mathews and did not send a summons and complaint addressed to them to Buchanan.

The District Court eventually concluded that the amended complaint was barred as to the Weehawken defendants by the running of the statute of limitations, and dismissed them from the suit. Tagliamonte v. Wang, No. 05-cv-4614, 2011 WL 601291, at *2–3

---

[2] For example, the summons receipt attached to the District Court docket at ECF No. 25 reflects an "individual served" who is not defendant Wang. See Fed. R. Civ. P. 4(e); see also N.J. Court Rule 4:4-4(a).

4

(D.N.J. Feb. 17, 2011).[3] That dismissal was the last major activity in the case. On May 9, 2011, Tagliamonte requested a copy of the docket. Then, on December 9, the Court Clerk issued a N.J. L. Civ. R. 41.1 notice, announcing that the case had "been pending for more than four months without any proceeding having been taken therein, namely, the failure to provide the court with adequate service of the complaint," and would be dismissed on the 21st, twelve days later, unless "sufficient reason to the contrary [wa]s shown in writing." On December 22, the District Court dismissed the case without prejudice because no response was timely filed. This appeal followed.[4]

The only issue before us on appeal is whether the District Court's decision to dismiss the suit as it did for failure to prosecute was an abuse of discretion. On this record, we conclude that it was not.

When a plaintiff requests and is granted in forma pauperis status, as was the case here, service of process is entrusted to the officers of the court. 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3); Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990)

---

[3] Aside from a glancing mention, Tagliamonte does not discuss in his opening brief the dismissal of the Weehawken defendants, and we therefore conclude that he has waived the matter. Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

[4] We have jurisdiction under 28 U.S.C. § 1291, reviewing a dismissal for failure to prosecute for abuse of discretion, while acknowledging that dismissal is "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 260 n.1 (3d Cir. 2011) (citations omitted); see also Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005).

5

("[A]n indigent prisoner representing himself is entitled to rely on the Marshal to achieve service of process."). As we have recognized, however, an indigent plaintiff is not entirely without responsibility, as he must "attempt to remedy any apparent service defects" that he is made aware of. Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992) (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000). In Rochon, the Fifth Circuit emphasized that a plaintiff, upon becoming aware of a service defect, may not "remain silent and do nothing to effectuate such service"; if he fails to act upon discovering a service defect, and his suit is thereafter dismissed, he is "not being penalized for the failure of the U.S. Marshals and the clerk of the court to effect service . . . but instead because of inaction and dilatoriness on his part." Rochon, 828 F.2d at 1110; accord Puett v. Blandford, 912 F.2d 270, 274–75 (9th Cir. Nev. 1990)).

In this case, Tagliamonte was aware that service upon the various defendants was contested, as AUSA Buchanan included him as a recipient on her letters to the Court and he acknowledged receiving them. With regard to Wang and Mathews, moreover, AUSA Buchanan specifically acceded to receiving process on their behalf. Despite this, Tagliamonte did not direct the Marshals to attempt service upon Buchanan, and he provided no meaningful response to Buchanan's description of the state of service upon the other federal defendants; furthermore, there is no indication in the record that Buchanan received a proper summons and complaint on behalf of Wang and Mathews. Once put on notice that he suit would be dismissed if process were not properly served,

6

Tagliamonte again did not respond. On this set of facts, <u>Rochon</u> controls, and we therefore hold that the District Court did not abuse its discretion in dismissing the complaint for failure to prosecute.[5] As Tagliamonte raises no other issues for our consideration, the judgment of the District Court will be affirmed. To the extent that Tagliamonte has requested that counsel be appointed and that the case be returned to a different District Judge if remanded, those requests are denied. Appellees' motion to be excused from filing a brief is granted.

---

[5] Our holding today is narrow, reflecting that Tagliamonte took *no* action to remedy an alleged service defect about which he was on notice; instead, he moved for default judgment and otherwise castigated the Marshals for their failure to comply with the Federal Rules. If he had challenged AUSA Buchanan's description of the state of service in a response to the Court's order to show cause listing the case for dismissal, or if he had attempted to reopen the suit after dismissal without success, our conclusion might have been different as to the extent of his culpability. But he did not do so, and to find an abuse of discretion in the face of total inactivity would contradict the reasoning of <u>Rochon</u> that we adopted in <u>Quinlan</u>.

We note too that the amended complaint, on its face, appears to name several state and federal actors as defendants who are likely immune from lawsuits attacking their official conduct. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994) (sovereign immunity); <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991) (absolute prosecutorial immunity); <u>Bolin v. Story</u>, 225 F.3d 1234, 1239, 1242 (11th Cir. 2000) (absolute judicial immunity); <u>see also</u> <u>Proffitt v. Ridgway</u>, 279 F.3d 503, 507–08 (7th Cir. 2002) (emphasizing that those who render assistance to law enforcement are generally not subject to suit under 42 U.S.C. § 1983). Were we to reach the merits of this appeal, we would likely be compelled to affirm, at least in part, on these bases for immunity, regardless of whether the suit was otherwise properly dismissed below for failure to prosecute.