# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2013

Lyle W. Cayce
Clerk

No. 12-30944
Summary Calendar

NICKY A. LANDOR,

Plaintiff-Appellant

v.

UNKNOWN LAMARTINIERE, Out Camp Warden, Captain, In Their individual
Capacity; UNKNOWN BRANNON, ARP Prepared by, Captain, In Their
Individual Capacity; TROY PORET, Warden, Captain, In Their Individual
Capacity; ANTONIO WHITAKER, Major, Captain, In Their Individual Capacity;
GREG AYMOND, Captain, In Their Individual Capacity; WILLIAM SMITH,
Lieutenant of Camp D Unit at Louisiana State Prison in Angola, Department of
Corrections, Captain, In Their Individual Capacity,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-103

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nicky A. Landor, Louisiana prisoner # 324646, moves for leave to proceed

in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prison officials Lamartiniere, Brannon, Poret, Whitaker, Aymond, and Smith in which he alleged that they threatened him with disciplinary action if he refused to become an informant, verbally abused him, filed false disciplinary charges against him in retaliation for his refusal to become an informant and for his filing of grievances against them, and were deliberately indifferent to the substantial risk of harm he faced if other inmates believed he was an informant. The district court dismissed Landor's complaint against Poret, Whitaker, and Smith and dismissed Landor's complaint against Lamartiniere, Brannon, and Aymond for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m). The district court also denied Landor leave to proceed IFP on appeal.

When, as in this case, a district court certifies that an appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3), the appellant may either pay the filing fee or challenge the court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Landor contends that his complaint against Lamartiniere, Brannon, and Aymond should not have been dismissed because the district court was responsible for effectuating service pursuant to Rule 4(c)(3) since he proceeded IFP in the district court. This assertion, standing alone, is insufficient to demonstrate that he should not be held responsible for the failure to effectuate proper service. *Cf. Rochon v. Dawson* , 828 F.2d 1107, 1110 (5th Cir. 1987).

The district court determined that Landor's claims for deliberate indifference and retaliation based on the September 5, 2011 disciplinary charge

were unexhausted because the grievances and disciplinary appeals that Landor filed would not have provided prison officials notice of these claims. Landor disagrees with the district court's determination but fails to point to statements in these documents that would have placed prison officials on notice of these claims.

Landor contends that defendants filed false disciplinary charges against him for exercising his constitutional right to not be an informant. To state a claim for retaliation, an inmate must demonstrate, inter alia, that a prison official retaliated against him for exercising a specific constitutional right. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Landor has failed to raise a nonfrivolous issue regarding his claim of a constitutional violation.

To the extent that Landor is reurging his claim that defendants filed a false disciplinary charge against him on August 26, 2011, in retaliation for the grievance he filed against them, the district court correctly determined that there was no direct evidence of retaliation nor a chronology of events from which retaliation could be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

To the extent that Landor is arguing that defendants violated his right to due process by filing false disciplinary charges against him, he has not demonstrated that the punishments he received, loss of canteen privileges and transfers to different cellblocks, "impose[] atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, he has failed to show that these punishments implicated a liberty interest that required due process.

Landor's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

No. 12-30944

Landor has two other strikes. *Landor v. La Dep't of Public Safety, et al.*, W.D. La. 2:01-CV-2504; *Landor v. St. Tammany Parish Jail Deputy Pretti, et al.*, E.D. La. 2:98-CV-3385. As Landor has accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Landor is further warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.

MOTION DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.