# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20721
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2017

Lyle W. Cayce
Clerk

ALBERT LYNCH,

Plaintiff-Appellant

v.

OFFICER J. VALEZ; OFFICER E. MORGAN; OFFICER M. OCHO; OFFICER
L. BROOKS; SERGEANT L. WISE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1253

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Albert Lynch, Texas prisoner # 1997324, filed this 42 U.S.C. § 1983 civil rights action against Harris County Sheriff's Officers J. Valez [sic], M. Ocho [sic], E. Morgan, L. Brooks, and Sergeant L. Wise, alleging that the defendants violated his constitutional rights by failing to protect him from an attack by fellow inmate Lucky Ward. He also alleged that they failed to follow Harris

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20721

County Jail procedures regarding the use of restraints while escorting prisoners from their cells on the lockdown cellblock.  Defendants Morgan and Brooks were served, and the district court granted their motions for summary judgment, finding that Lynch failed to show Morgan and Brooks (or any of the other officers) were deliberately indifferent to a specific imminent threat or risk of harm that Ward posed to Lynch.

Lynch appeals, arguing that the district court abused its discretion by not ordering the defendants to submit full discovery.  The district court granted relevant discovery, including interrogatories requesting what the officers wrote about the incident, whether the officers were disciplined for the incident, the Harris County jail rules and regulations regarding maximum-security cellblocks, and the officers' actions or inactions in preventing the incident.  Lynch asserts that the denied discovery requests were not provided by defendants and would show contested factual evidence that he needs to prove deliberate indifference by the defendants.  Lynch may not rely on "vague assertions that additional discovery will produce needed, but unspecified facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted).  Lynch offers no argument showing how any of the additional requested discovery he seeks would create a genuine issue of material fact.  Lynch has not shown that the district court abused its discretion in declining to compel responses to all of Lynch's requested discovery. *McCreary v. Richardson*, 738 F.3d 651, 654-55 (5th Cir. 2013).

Arguing that his case does present exceptional circumstances, Lynch challenges the district court's denial of his motion for appointment of counsel. He also seeks the appointment of counsel on appeal.  As the district court correctly determined, exceptional circumstances were not present in the instant case.  Lynch filed thorough pleadings and responses to the defendants'

2

motions that adequately addressed the issues of the case.  Accordingly, the district court did not abuse its discretion in denying his motion.  *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Likewise, Lynch has not shown that the appointment of counsel is warranted on appeal.  His request for appointment of counsel on appeal is DENIED.

Lynch argues that the district court abused its discretion by not ordering service of process upon the defendants.  The district court ordered the United States Marshal's Service to serve all five defendants named in Lynch's complaint, service was made on Morgan and Brooks, but service on the other three officers was returned unexecuted because the information supplied by Lynch was insufficient to identify or locate them.  The district court ordered Lynch to amend his complaint with the proper names or updated addresses for these three defendants so that they might be served with process.  Lynch filed a motion for leave to file an amended complaint, but the district court denied Lynch's motion for leave to file an amended complaint as moot because he did not attach a proposed amended complaint for the court's review.  Lynch did not remedy this noted defect by filing another motion for leave with a proposed amended complaint.  Thus, the district court did not abuse its discretion in not taking any additional steps to order service of process due to Lynch's failure to remedy the noted defect.  *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Although Lynch cites the legal standards for summary judgment and for a claim of failure to protect in the context of his argument concerning discovery, he offers no challenge to the district court's conclusion that he failed to meet his burden with respect to his failure to protect claim, or the district court's alternative conclusion that the defendants were entitled to qualified immunity.  Thus, he has abandoned any challenge to the district court's grant of summary

No. 16-20721

judgment on the merits of his claim.  *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.