Richard TAGLIAMONTE, Appellant

v.

Wally WANG, individually and in his official capacity; John Doe, individually and in his official capacity; United States Postal Inspection Service; John Doe, individually and in his official capacity as Assistant U.S. Attorney for the District of New Jersey.

No. 06–2769.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a), July 14, 2009.

Opinion Filed: Aug. 12, 2009.

Martin J. Black, Esq., John S. Ghose, Esq., Dechert, Philadelphia, PA, for Appellant.

Before: RENDELL, FUENTES, and ROTH, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Richard Tagliamonte appeals the District Court's dismissal of his *Bivens* claims charging the defendant federal officers with unlawfully searching his apartment and damaging property therein. The District Court dismissed Tagliamonte's complaint as frivolous under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, finding that his civil claims, if successful, would necessarily demonstrate the invalidity of criminal charges against Tagliamonte and thus were barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). For the reasons set forth below, we will vacate the District Court's judgment and remand for further proceedings.

**I.**

The District Court had jurisdiction over this case under 28 U.S.C. § 1331 and we exercise jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of a suit as frivolous under the Prison Litigation Reform Act is plenary. *Roman v. Jeffes,* 904 F.2d 192, 194 (3d Cir.1990).

## II.

As we write only for the parties, we outline the facts and proceedings only to the extent necessary for resolution of this case.

In October 2004, Tagliamonte was indicted in federal court on charges of, *inter alia,* credit card fraud and mail fraud. On September 22, 2005, he filed this civil suit, asserting that in the course of the investigation leading to his indictment, defendants Wally Wang, a U.S. postal inspector, and other John Doe postal inspectors had conducted an unlawful warrantless search of his apartment in January 2004. He also asserted that the inspectors acted in coordination with the defendant John Doe Assistant U.S. Attorney. According to Tagliamonte, in the course of the January 2004 search these officials seized, damaged, and removed some of his personal property (including some potential exculpatory and impeachment evidence related to the criminal charges against him), in violation of the Fourth Amendment. Therefore, Appellant sought monetary damages as well as exemplary and punitive damages and compensation for emotional harm from the federal officers involved in the search, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1]

Based on the charges pending against Tagliamonte, the District Court dismissed his Fourth Amendment claims as premature under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* held that a plaintiff may not bring a civil claim related to a criminal conviction in which he is the defendant if successful in the civil claim would "necessarily imply the invalidity of his conviction or sentence," because allowing such a suit would blur the lines between such civil claims and traditional habeas claims. *Id.* at 486–87, 114 S.Ct. 2364; *see also Lora–Pena v. FBI,* 529 F.3d 503, 505 n. 2 (3d Cir.2008) (applying *Heck* in the *Bivens* context). Therefore, the Supreme Court held that before a criminal defendant may seek damages for an alleged constitutional violation which, if proved, would invalidate his or her conviction, the defendant must first obtain a reversal of the conviction itself. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364.

The District Court determined that there was a "very real possibility" that, if allowed to proceed, Tagliamonte's Fourth Amendment *Bivens* claims could "produce a result at odds with" his ongoing criminal prosecution, in violation of the principles set out in *Heck.* (App.18–19.) Although acknowledging that the Third Circuit has permitted collateral Fourth Amendment claims to proceed under *Heck* where they relate directly to the invasion of property, such as claims for property damages, *see Hector v. Watt,* 235 F.3d 154, 157 (3d Cir.2001), the District Court concluded that even Tagliamonte's property damage claim must be dismissed because it was "so inextricably linked to plaintiff's ongoing criminal prosecution...." (App. 19 n. 7.)

Tagliamonte appealed the District Court's order of dismissal *pro se.* We appointed counsel, directing the parties to address the validity of the District Court's application of *Heck.* As this dismissal occurred before Defendants were served with a complaint, no counsel has entered an appearance on their behalf and they are not participating in the appeal.

## III.

Tagliamonte offers two arguments on appeal. First, he asserts that the District

---

1. Tagliamonte also asserted several other claims against Defendants, but none of them are at issue on appeal.

Court did not appropriately apply the *Heck* analysis in concluding that success on Tagliamonte's civil claims would necessarily undermine his criminal prosecution. Second, Appellant more broadly contends that we should adopt a *per se* rule that claims for property damages under the Fourth Amendment are not barred by *Heck.*

We agree with the first of these contentions. The District Court did not thoroughly consider whether, in light of the evidence before it at the time, Tagliamonte's civil claims did not impinge on his criminal conviction. We have held such a determination to be a possibility with respect to Fourth Amendment claims based on precepts such as the independent source doctrine, which holds that evidence originally uncovered in the course of an illegal search is admissible as long as it was also later obtained through an independent lawful search. *See Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety,* 411 F.3d 427, 447–48 (3d Cir. 2005) (citing *Heck,* 512 U.S. at 487 n. 7, 114 S.Ct. 2364). Similarly, if the legality of the search was not an issue in Tagliamonte's trial because all of the evidence against Tagliamonte was obtained through other means, the property damage portion of Tagliamonte's claim might also survive the *Heck* bar.

If the District Court cannot yet determine whether Tagliamonte's two sets of claims impermissibly overlap, it still need not dismiss Tagliamonte's *Bivens* suit. The Supreme Court outlined another method for dealing with civil claims relating to an extant civil conviction in *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). *Wallace* indicated that, when dealing with a potential conflict between a civil claim and an ongoing criminal case (as opposed to an accomplished criminal conviction), "it is within the power

of the district court, and in accord with common practice, to stay the civil action until the criminal case ... is ended." *Id.* at 393–94, 127 S.Ct. 1091. The District Court did not have the benefit of *Wallace* when it dismissed Tagliamonte's claims in 2006, but in retrospect it may apply since Tagliamonte's criminal case has not reached its final resolution. He was convicted by a jury in February 2007 and sentenced to 180 months' imprisonment, but has filed a direct appeal of that judgement and sentence that is currently awaiting our review. *United States v. Tagliamonte,* No. 07–4275 (3d Cir. filed Nov. 2, 2007). That appeal includes a challenge to the District Court's ruling on his Fourth Amendment claim regarding the January 2004 search. Appellant's Br. at 19–21, *Tagliamonte,* No. 07–4275 (3d Cir. filed Nov. 2, 2007).

Therefore, we will vacate the judgment and remand the case for the District Court to reassess the applicability of the *Heck* bar in light of the now substantially completed parallel criminal proceedings. Alternatively, if the District Court cannot yet determine whether success on Tagliamonte's *Bivens* claims would necessarily imply the invalidity of his criminal conviction, it may issue a stay under *Wallace* until Tagliamonte's direct appeal, and any subsequent proceedings, have concluded.

## IV.

For the foregoing reasons, we vacate the judgment of the District Court and remand for the Court to consider the propriety of allowing Tagliamonte's civil claims to go forward under *Gibson,* 411 F.3d 427 (3d Cir.2005), or issuing a stay pursuant to *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).