# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30562
Conference Calendar

EDDIE J ARMANT

Plaintiff-Appellant

v.

CONNIE KENNEDY; JAMES LEBLANC; RICHARD STALDER; PEGRAM J
MIRE, JR; EDWARD DUFRANCE; LOUISIANA SUPREME COURT PANEL

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-108

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Eddie J. Armant, Louisiana prisoner # 150261, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. Armant has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification, pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997), that his appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Armant contends that his constitutional rights were violated due to the imposition of an "illegally lenient" sentence. Specifically, he avers that the trial court, in imposing his 40-year sentence following his conviction for attempted second-degree murder, failed to specify that the sentence was to be served without benefit of probation, parole, or suspension of sentence. Armant contends that, in December 2005, prison officials recalculated his release date and failed to provide for parole consideration, thereby resulting in confinement beyond his appropriate release date.

As the district court found, Armant's claims are barred because he is seeking to recover damages for an allegedly unconstitutional sentence that has not been reversed on appeal or in a postconviction proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Armant has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Armant's motion to proceed IFP is denied. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, his appeal is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal as frivolous count as strikes under the Prison Litigation Reform Act. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Armant is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.