**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2009

Charles R. Fulbruge III
Clerk

No. 09-30027
Summary Calendar

EDDIE J ARMANT

Plaintiff-Appellant

v.

RICHARD STALDER; STEVE RADER, WARDEN, C PAUL PHELPS
CORRECTIONAL CENTER; JAMES LEBLANC, Warden; LESSLY SMITH;
LOUIS MITCHELL

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-248

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eddie J. Armant, Louisiana prisoner # 150261, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Armant's claims against defendants LeBlanc and Rader for failure to allege facts giving rise to a constitutional violation. Armant's claims against Stalder, Smith, and Mitchell

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were dismissed for insufficient service pursuant to FED. R. CIV. P. 4(m). The district court also denied Armant's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Armant's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Armant fails to allege facts or actions by LeBlanc and Rader which support a claim of deliberate indifference.

This court reviews a dismissal for insufficient service for abuse of discretion. *Lindsey v. United States R. R. Retirement Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). This court has determined that an IFP plaintiff who requests service on the proper defendant "is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Nevertheless, once a plaintiff is aware of possible defects in service of process, he must attempt to remedy them. *Id.*

Armant was aware of defects in the service of Stalder, Smith, and Mitchell but did not take any steps to remedy the defects. Rather, he claims only that these defendants deliberately refused service and lied regarding the reasons for refusal. There is nothing in the record to support Armant's assertion. Therefore, he fails to show that the district court abused its discretion. *See Lindsey*, 101 F.3d at 445.

Armant has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion

for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). Armant has two previous strikes. *See Armant v. Kennedy*, 323 F. App'x 362 (5th Cir. 2009). Because Armant has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.