# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30243

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2016

Lyle W. Cayce
Clerk

WILLIE TRIPLETT,

Plaintiff-Appellant

v.

JAMES LEBLANC, Secretary; BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; TROY PORET, Assistant Warden; CHAD OUBRE, Lieutenant Colonel; WILLIE RICHARDSON, Major; LEROY ERVIN, Classification Officer; LESLEY DUPONT, Deputy Warden; JOE LAMARTINIERE, Outer Camp Warden; CATHY FONTENOT, Assistant Warden; ROBERT TONY, Chaplain; GARY SUMMERALL, Chaplain; STEPHANIE LAMARTINIERE, Inmate Minster Supervisor; BARNADINE ST. CYR, Chaplain,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-243

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Willie Triplett brought suit in district court alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986, the First, Sixth, Eighth, and Fourteenth

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30243

Amendments, the Americans with Disabilities Act, and a due process violation under Louisiana law.  Prior to this appeal, the district court:  (1) declined to exercise supplemental jurisdiction over Triplett's state law claims; (2) dismissed Triplett's claims against defendant St. Cyr without prejudice for failure to serve her within 120 days as mandated by Federal Rule of Civil Procedure 4(m); and (3) granted the defendants' Rule 12(b)(6) motion, dismissing Triplett's suit. In response, Triplett moved for leave to proceed in forma pauperis. The district court denied his motion and certified that Triplett's appeal was not taken in good faith. Triplett now moves this court for leave to proceed in forma pauperis to appeal the dismissal of his complaint.

When a district court certifies that an appeal is not taken in good faith, the appellant may either pay the filing fee or challenge that decision.  *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Triplett challenges the decision. Our inquiry into an appellant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)).  If we uphold the district court's decision, the appellant must pay the filing fee to continue. Alternatively, if the appeal is frivolous, we may dismiss it sua sponte.  5th Cir. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24. Here, Triplett raises myriad issues—several intertwined:  we attempt to address each issue below.

As an initial matter, Triplett correctly argues that because the defendants filed their Rule 12(b)(6) motion after they filed their answer to his suit, the district court's dismissal was on the pleadings, pursuant to Rule 12(c). *See* Rule 12(b); *Brunig v. Clark*, 560 F.3d 292, 294 (5th Cir. 2009). Nevertheless, Triplett fails to raise a nonfrivolous issue because this court reviews Rule 12(c) dismissals de novo, applying the same standards as those

governing Rule 12(b)(6). *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015). Under either 12(b)(6) or 12(c), this court takes Triplett's well-pleaded facts as true and views them in the light most favorable to him. *Id*. To survive a motion to dismiss, Triplett's complaint had to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Triplett's first argument, that the district court erred when it dismissed his claims against St. Cyr, is frivolous. An IFP plaintiff who requests service on the proper defendant "should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Nevertheless, once such a plaintiff is aware of possible defects in service of process, he must attempt to remedy them. *Id*. Triplett does not assert that he had no notice of the Marshal's inability to serve St. Cyr. In fact, despite notice from the magistrate judge's report and recommendation, Triplett did not take steps to remedy the defects in service of process. Thus, Triplett fails to show a nonfrivolous appellate issue with respect to the dismissal of St. Cyr. *See Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009).

The allegations surrounding Triplett's disciplinary conviction fail to state a federal due process claim because he was not deprived of a liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The punishments Triplett alleged that he received as a result of his disciplinary conviction—demotion in trustee status, time in a working cell block, and the loss of his prison job as a minister—"are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). And he has abandoned any argument that his disciplinary hearing violated the Louisiana

Constitution because he has not briefed the district court's refusal to exercise supplemental jurisdiction over these claims. *See Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Triplett's assertions that the defendants were aware of job restrictions that included no prolonged walking, lifting over 25 pounds, working outdoors, and sports, but that they nevertheless punished him by assigning him to prison jobs that required him to walk the tiers and to lift objects in excess of 25 pounds, fail to state an Eighth Amendment claim because his facts do not support a claim that the defendants were deliberately indifferent to his medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994). His assertions about injuries he sustained by having to climb in and out of a top bunk that lacked safety equipment fail to state an Eighth Amendment claim for the same reason. *See id.* at 844. And we have previously held that a showing of mere negligence is not enough to state a constitutional claim. *See Coleman v. Sweetin*, 745 F.3d 756, 764-65 (5th Cir. 2014).

Next, Triplett's claims about his allegedly lost property due to defendant Oubre's refusal to let him pack do not state a due process violation because he did not assert that a prison official confiscated his property. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990) (stating that under the *Parratt/Hudson* doctrine, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate post deprivation remedy); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984) (Louisiana provides an adequate tort post-deprivation remedy for procedural due process claims relating to negligent or intentional property loss claims by inmates). Moreover, Triplett's reliance on a form that he was able to file claiming the loss of his property belies any assertion that he

was denied due process in trying to retrieve his property. He had no constitutional right to a favorable resolution about his lost property. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Triplett's argument that, as a member of the Church of Christ, his "forced attendance" at a church service and his punishment for not attending that service violated the First Amendment's right to free exercise, fails to state a First Amendment violation. In *Turner v. Safley*, the Supreme Court held that a prison's actions that impinge an inmate's First Amendment rights are not unconstitutional if the actions are "reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). *See also Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 335 (5th Cir. 2009). Under Triplett's facts, he was required to attend a community service as part of his inmate job duties as a minister. Thus, his "forced attendance" was reasonably related to a penological interest. Further, he was punished for yelling in Chapel (defiance and aggravated disobedience), not because of his religious affiliation. To the extent that Triplett argues that he was *prevented* from attending a particular service due to his punishment, his punishment was also reasonably related to a penological interest. Finally, his allegations that Catholic inmates have more opportunity to worship than do members of the Church of Christ also do not state a violation. *See Baronowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007) (noting that the Fourteenth Amendment does not demand that every religious group within a prison have identical facilities or personnel and that prison officials need only afford prisoners reasonable opportunity to exercise religious freedom guaranteed by the Constitution).

Triplett's claims that he was denied his right not to attend a church service and that he was deprived of his personal property without redress both fail to state a retaliation claim. Triplett was disciplined for defiance and

aggravated disobedience, not filing a grievance, seeking an accommodation under the ADA, or refusing to attend church service; his facts do not show that he was retaliated against for exercising a specific constitutional right. *See Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Nor do his facts state a conspiracy claim under 42 U.S.C. § 1983, *see Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994), or under § 1985, *see Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994), because his facts have failed to show the violation of a constitutional right.

His claim that he is entitled to nominal or punitive damages is likewise frivolous because he has failed to show the denial of a constitutional right. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). Any claim that the defendants were liable to him under respondeat superior is unavailing. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-94 (1978); *Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015). His claims that the defendants were liable for failure to train or supervise, or for creating or continuing unconstitutional policies, fail because his facts fail to show a constitutional violation. *See Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013).

Finally, Triplett's alleged facts do not show that he falls under the purview of the ADA; therefore, his argument that the defendants did not enjoy Eleventh Amendment immunity from suit in their official capacities on his ADA claim is frivolous. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Triplett's motions for leave to proceed IFP on appeal and for the appointment of counsel are DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2. The district court's dismissal of Triplett's complaint for failure to state a claim on which relief may be granted and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-

No. 15-30243

88 (5th Cir. 1996). Triplett is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).