# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30961
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2017

Lyle W. Cayce
Clerk

RICKEY WAYNE GIPSON,

Plaintiff-Appellant

v.

TIM KEITH; NICOLE WALKER; JACK GARNER; DANIEL MARR; JAMES LEBLANC,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-2278

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Rickey Wayne Gipson, Louisiana prisoner # 325027, appeals the partial judgment of the district court, entered under Federal Rule of Civil Procedure 54(b), dismissing his 42 U.S.C. § 1983 suit in whole or in part against defendants Tim Keith, Jack Garner, Daniel Marr, and James LeBlanc, as well as the denial of his motion for summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30961

We must first consider which of the district court's rulings were properly entered as final judgment under Rule 54(b) and therefore properly before us on appellate review. *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000). In order "[t]o enter a Rule 54(b) final judgment, the district court must have disposed of one or more . . . claims or parties." *Eldredge*, 207 F.3d at 740 (internal quotation marks and citation omitted; ellipses in original). With respect to the district court's denial of Gipson's summary judgment motion, because the decision did not dispose of any claims or defendants, we do not have jurisdiction to review that ruling despite the Rule 54(b) judgment. *See id.* The appeal is dismissed in part for lack of jurisdiction. The only issues properly before us at this time pertain to the dismissal of the federal claims, in whole or in part, against Keith, LeBlanc, Marr, and Garner.[1]

Gipson has not briefed or explicitly challenged the district court's grounds for dismissing Marr or the official capacity suit against LeBlanc for monetary damages; accordingly, he has abandoned those claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

With respect to the dismissal of Gipson's § 1983 claims against Garner and the dismissal of his § 1983 claims against LeBlanc in his individual capacity, we review a dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Gipson's argument

---

[1] A close reading of Gipson's complaint indicates that, at best, he asserted a state law claim for fraud as to Keith, Nicole Walker, and LeBlanc only. Walker remains a party, Keith was dismissed for failure to serve, and we interpret the district court's failure to explicitly dismiss any state law claims against LeBlanc as an indication that any such state claims remain pending against this defendant.

No. 15-30961

that the 2000-03 contract between Corrections Corporation of America and the Louisiana Department of Public Safety and Corrections supports his § 1983 claims against LeBlanc and Garner is inapposite, as the contract expired before state correctional facilities were made nonsmoking under Louisiana law in 2009 and before the actions Gipson complains of.  His argument that the correctional facility's 2015 commissary list supports his claims is also inapposite.  Louisiana law prohibits smoking inside correctional facilities, *see* LA. REV. STAT. § 40:1291.11(14), but correctional facilities have the discretion to designate outside smoking areas.  Gipson offers nothing to indicate that WCC has no designated outside smoking areas, which would explain why the commissary continues to sell tobacco products, and he provides no other argument as to why dismissal was incorrect.

Finally, Gipson contends that the dismissal of Keith for failure to serve under Federal Rule of Civil Procedure 4(m) was an affirmative defense which was waived because it was not raised in a motion to dismiss.  The argument fails, as Keith did not file an answer or a motion to dismiss.  Keith was not served with Gipson's complaint, as he was no longer employed at the correctional facility.  Gipson was aware of the inability to serve Keith and took no steps to remedy it.  *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  Accordingly, Gipson fails to demonstrate that the district court abused its discretion by dismissing Keith.  *See Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009) (affirming district court's dismissal of pro se prisoner's § 1983 complaint for failure to serve defendant alleged to have been employed by prison but who was not, when prisoner was aware of defects in service but did not take steps to remedy them).[2]

---

[2] Although an unpublished opinion issued after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 15-30961

DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED IN PART.