# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-30068

_____

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2024

Lyle W. Cayce
Clerk

Willie Triplett,

*Plaintiff—Appellant*,

*versus*

James LeBlanc; Jacob Johnson; Randy Lavespere; John Doe,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-717

_____

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Willie Triplett, Louisiana prisoner # 100388, seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). He argues that defendants James LeBlanc, Jacob Johnson, and Randy Lavespere were deliberately indifferent to his serious medical needs when they failed to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

test, diagnose, or treat him for syphilis during his 28 years of imprisonment until it reached the incurable third stage in early 2021.  He contends that the defendants intentionally treated him incorrectly by delaying his treatment until June 10, 2021.  Additionally, he contends that LeBlanc, as the prison's policymaker, failed to implement and enforce a policy for screening, diagnosing, and treating syphilis and that Johnson and Lavespere enforced this unconstitutional policy.

Triplett's IFP motion and brief do not challenge the district court's denial of his motion to amend or the district court's determinations that (i) the defendants had Eleventh Amendment immunity from any claims for monetary damages against them in their official capacities and (ii) any claims against defendant John Doe had prescribed.  Accordingly, he has abandoned these issues and thus has failed to raise a nonfrivolous issue regarding them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Although Triplett contends that LeBlanc, Johnson, and Lavespere failed to test, diagnose, or treat him for syphilis, he has not alleged that he exhibited any syphilis symptoms until its discovery in early 2021, nor has he otherwise provided any facts demonstrating that these supervisory defendants knew that he had a risk of infection with syphilis or that they personally denied him treatment, purposefully provided improper treatment, or ignored his medical complaints.  *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).  Despite Triplett's claims of a delay in treatment of his syphilis after its discovery, he has not provided any allegations that these defendants knew that he had been diagnosed with syphilis or were involved in the alleged delay in his treatment.  *See Lozano*, 718 F.2d at 768.  Additionally, although Triplett challenges the defendants' failure to implement or enforce a policy

for screening for, diagnosing, and treating syphilis, he has not demonstrated supervisory liability on this basis because he has not alleged that these defendants had actual or constructive notice that their failure to adopt such a policy would result in a constitutional violation. *See Crittindon v. LeBlanc*, 37 F.4th 177, 186 (5th Cir. 2022). In light of the foregoing, Triplett fails to demonstrate that the dismissal of these claims presents a nonfrivolous issue. *See Howard*, 707 F.2d at 220.

Additionally, Triplett challenges the magistrate judge's denial of his motion for the appointment of counsel. However, this argument does not raise a nonfrivolous issue because Triplett did not appeal this ruling to the district court, and we therefore lack jurisdiction to consider it. *See Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987); Fed. R. Civ. P. 72(a).

In light of the foregoing, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard*, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.

The district court's dismissal of Triplett's case for failure to state a claim and for suing immune defendants and the dismissal of this appeal as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 534, 537-40 (2015). Further, Triplett previously incurred two strikes as a result of the dismissal of a prior civil action and the dismissal of his appeal. *See Triplett v. LeBlanc*, 642 F. App'x 457, 461-62 (5th Cir. 2016). Because Triplett now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). He is WARNED that any pending or future frivolous

No. 24-30068

or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.